BRETT L. TOLMAN, United States Attorney (USB #8821)
JOHN K. MANGUM, Assistant United States Attorney (USB #2072)
185 South State St., Suite 300
Salt Lake City, UT 84111
Phone: (801) 524-5682

MARY B. MURPHY
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Phone: (202) 353-1982
Fax: (202) 514-8742
*Attorneys for the United States of America*

MICHAEL S. ROSENTHAL
5855 Sandy Springs Circle, Suite 300
Atlanta, GA 30328
Phone:  (404) 261-0500
E-mail:  msr@wjrlaw.com

DAVID M. COOK, UT Bar No. 7043
716 East 4500, South, Suite N240
Murray, UT  84107
Phone:  (801) 264-0699
E-mail:  cook@utlawyer.net
*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No.:1:06cv152 DAK |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL ADVERTISING, INC., | ) | |
| a Utah Corporation; and PAUL E. | ) | |
| PORTER, individually and as an officer | ) | |
| of UNIVERSAL ADVERTISING, INC. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## STIPULATED JUDGMENT AND ORDER
## FOR PERMANENT INJUNCTION AS TO
## DEFENDANTS PAUL E. PORTER AND
## UNIVERSAL ADVERTISING, INC.

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), has

commenced this action by filing the Complaint herein, and Defendants have been served with the

summons and the complaint.  The parties, represented by the attorneys whose names appear

hereafter, have agreed to settlement of this action without adjudication of any issue of fact or law,

and without the Defendants admitting liability for any of the violations alleged in the Complaint.

THEREFORE, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED

AND DECREED as follows:

### FINDINGS

1.      This Court has jurisdiction over the subject matter and the parties pursuant to 28

U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2.      Venue is proper as to all parties in the Northern District of Utah.

3.      The activities of the Defendants are in or affecting commerce, as defined in

Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Complaint states a claim upon which relief may be granted against the

Defendants, under Sections 5(a), 5(m)(1)(A), 9, 13(b) and 19 of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 49, 53(b), and 57b.

5.      Defendants have entered into this Stipulated Judgment and Order ("Order") freely and without coercion.  Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6.      Plaintiff and Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7.      Defendants have agreed that this Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

8.      Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.      "Business opportunity" is defined as that term is defined in Section 437.2(a) of the Business Opportunity Rule, 16 C.F.R. § 437.2(a).  The term "business opportunity" in this Order shall also encompass any successor definition of "business opportunity" and "business opportunity venture" in any future trade regulation rule or rules that may be promulgated by the Commission to modify or supersede the Business Opportunity Rule, in whole or part, from the date any such rule takes effect.

STIPULATED JUDGMENT AND ORDER
Page 3

3.     "Business Opportunity Rule" means the FTC Trade Regulation Rule titled "Disclosure Requirements Concerning Business Opportunities," codified at 16 C.F.R. Part 437, or as it may be amended. This rule was approved by the Commission on January 22, 2007.

4.     "Business Venture" means any written or oral business arrangement, however denominated, whether or not covered by the Business Opportunity Rule or Franchise Rule, in which a participant or purchaser:

      a.     pays consideration for the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

      b.     receives the promise of, or actual, advice, instruction, or assistance (including, but not limited to, referrals to any persons providing or promising location services), in connection with:  (1) the establishment, maintenance, or operation of a new business, or (2) the entry by an existing business into a new line or type of business.

5.     "Defendants" means the Corporate Defendant and Individual Defendant.  The "Corporate Defendant" is Universal Advertising, Inc., a Utah corporation.  The "Individual Defendant" is Paul E. Porter, individually and as an officer of the Corporate Defendant.

6.     "Franchise" is defined as that term is defined in the Franchise Rule at 16 C.F.R. Section 436.1(h).

7.     The "Franchise Rule" means the FTC Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising," 16 C.F.R. Part 436.

STIPULATED JUDGMENT AND ORDER
Page 4

8.    "Income-generating product or service" means any product or service designed, intended, or represented to be capable of generating income on behalf of the person to whom it is sold.

9.    "Person" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, or any other group or combination acting as an entity.

10.    "Representatives" means the Defendants' successors, assigns, officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

11.    "Telemarketing" means the advertising, offering for sale, or sale of any good or service to any person by means of telephone sales presentations, either exclusively or in conjunction with the use of other advertising.

## ORDER

### I. BAN ON SALE OF BUSINESS OPPORTUNITIES, BUSINESS VENTURES, AND FRANCHISES

IT IS THEREFORE ORDERED that Defendants, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from engaging or participating in the advertising, promotion, offering for sale, or sale of any Business Opportunity, Business Venture, or Franchise.  Nothing in this Order shall be read as an exception to this paragraph.

STIPULATED JUDGMENT AND ORDER
Page 5

## II. PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that in connection with the advertising, telemarketing, offering for sale, licensing, contracting, sale or other promotion, in or affecting commerce, of any Business Opportunity, Business Venture, Franchise, or income-generating product or service, the Defendants and their Representatives are hereby permanently restrained and enjoined from making, or assisting in the making of, any statement or representation of material fact that is fraudulent, false, or misleading, whether directly or by implication, orally or in writing, including, but not limited to, any or all of the following:

A.   The income, profit, or sales volume that a purchaser is likely to achieve;

B.   The income, profit or sales volume actually achieved by prior purchasers;

C.   The length of time that it is likely to take a purchaser to recoup the entire purchase price or investment;

D.   The independence or authenticity of any third-party references, including persons represented to be prior purchasers, that are provided to potential purchasers;

E.   The amount of competition within, or a purchaser's territorial rights to, any geographic territory;

F.   The availability or existence of profitable locations in a purchaser's geographic area; and

G.   The terms and conditions of any assurances, refunds or guarantees of profitability that relate to any location service or company to which a Defendant refers a purchaser.

### III.  TRANSFER OF CUSTOMER LISTS

IT IS FURTHER ORDERED that the Defendants and their Representatives are hereby permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who, in connection with the advertising, promotion, telemarketing, offering for sale or sale of any Business Opportunity, Business Venture, Franchise, or income-generating product or service, paid any money to any Defendant at any time prior to entry of this Order; *provided, however,* that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation (including the limited disclosures required by the Franchise Rule and Business Opportunity Rule) or court order.

### IV.  CONSUMER REDRESS AND OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED that judgment is hereby entered against Defendant Paul E. Porter in the amount of $1,633,953.68; *provided, however*, that all but $5,000 of this judgment shall be suspended until further order of the Court, and *provided further* that this judgment shall be subject to the conditions set forth in Section V of this Order.

A.      Prior to or concurrently with his execution of this Order, Defendant shall turn over five thousand dollars ($5,000) to his attorney, who shall hold the entire sum in escrow.  Within five (5) days of receipt of notice of the entry of this Order, Defendant's attorney shall transfer the escrowed payment to the Commission in the form of a wire transfer or certified or cashier's check made payable to the Commission.

STIPULATED JUDGMENT AND ORDER
Page 7

B.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendant's practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the Treasury as disgorgement.  Defendant shall have no right to challenge the Commission's choice of remedies under this Section.

C.      Defendant shall cooperate fully with Plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if the Defendant fails to pay fully the amount due at the time specified herein.  In such an event, Defendant agrees to provide Plaintiff and the Commission with his federal and state tax returns for the preceding two years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from Plaintiff or the Commission to do so. Defendant further authorizes Plaintiff and the Commission to verify all information provided on his financial disclosure forms with all appropriate third parties, including but not limited to financial institutions.

D.      In the event of default on the payment required to be made by this Paragraph, the entire monetary judgment, together with interest computed under 28 U.S.C. § 1961 -- accrued from the date of default until the date of payment -- shall be immediately due and  payable. Defendant agrees that, in such event, the facts as alleged in the Complaint filed in this action

STIPULATED JUDGMENT AND ORDER
Page 8

shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

      E.     In accordance with 31 U.S.C. § 7701, the Defendant is hereby required, unless he has done so already, to furnish to Plaintiff and the FTC his taxpayer identifying numbers (social security number or employer identification numbers) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of the Defendant's relationship with the government.

      F.     The Defendant further agrees, if he has not done so already, to provide the FTC with clear, legible and full-size photocopies of all valid driver's licenses he possesses, which will be used for collection, reporting and compliance purposes.

      G.     Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Plaintiff or Commission may initiate to enforce this Order.

## V.  RIGHT TO REOPEN

IT IS FURTHER ORDERED that:

      A.     Plaintiff's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Paul E. Porter's financial statements dated March 22, 2007, which contain material information relied upon by Plaintiff and the Commission in negotiating and agreeing to the terms of this Order.

      B.     If, upon motion, this Court should find that Defendant Porter made a material misrepresentation or omitted material information concerning his financial condition, then the

STIPULATED JUDGMENT AND ORDER
Page 9

Court, without further adjudication, shall enter a modified judgment holding Defendant Porter liable to the Commission in the amount of $1,633,953.68 for consumer redress, less any verified payments for consumer redress made by the Defendant in this action. This amount shall become immediately due and payable, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

       C.     The Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint filed in any bankruptcy proceeding.

       D.     Should this Order be modified pursuant to this Section, this Order, in all other respects, shall remain in full force and effect unless otherwise ordered by the Court. Any proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that Plaintiff or the FTC may initiate to enforce this Order.

## VI. NOTICE TO CREDIT BUREAUS

Within thirty (30) days of entry of this Order, the Defendants shall notify each credit bureau to which any Defendant previously reported any non-payment by any of Defendants' customers, business opportunity purchasers, or franchisees (with the intent or result that a negative item was placed on the customer's, business opportunity purchaser's or franchisee's credit report) that such negative item should be removed from that person's credit report.

STIPULATED JUDGMENT AND ORDER
Page 10

## VII.  NON-ENFORCEMENT OF JUDGMENTS

Defendants are enjoined from enforcing any judgment obtained prior to entry of this

Order against any customer, business opportunity purchaser, or franchisee related to payment of

amounts due to any Defendant in connection with the sale of any business opportunity or

franchise.

## VIII.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that the Defendants, within five (5) business days of receipt

of this Order as entered by the Court, shall submit to Plaintiff and the Commission a truthful

sworn statement acknowledging receipt of this Order.

## IX.  DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of

this Order, Defendants shall deliver copies of the Order as directed below:

A.      Corporate Defendant: The Corporate Defendant must deliver a copy of this Order

to all of its principals, officers, directors, and managers.  The Corporate Defendant also must

deliver copies of this Order to all employees, agents, and representatives who engage in conduct

related to the subject matter of the Order, including but not limited to all personnel involved in

responding to consumer complaints or inquiries, and all sales personnel, whether designated as

employees, consultants, independent contractors or otherwise.  For current personnel, delivery

shall be within (5) days of service of this Order upon Defendant.  For new personnel, delivery

shall occur prior to them assuming their responsibilities.

B.      The Individual Defendant as Control Person:  For any business that the Individual

Defendant controls, directly or indirectly, or in which the Individual Defendant has a majority

STIPULATED JUDGMENT AND ORDER
Page 11

ownership interest that is engaged in the sale or distribution of any Business Opportunity, Business Venture, Franchise, or income-generating product or service, or assisting others engaged in these activities, the Individual Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business.  The Individual Defendant must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order, including but not limited to all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise.  For current personnel, delivery shall be within (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.     The Individual Defendant as employee or non-control person:  For any business where the Individual Defendant is not a controlling person of a business but the business is engaged in the sale or distribution of any Business Opportunity, Business Venture, Franchise, or income-generating product or service, or assisting others engaged in these activities, the Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.     The Corporate and Individual Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Section of the Order.

## X. COMPLIANCE REPORTING BY DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

STIPULATED JUDGMENT AND ORDER
Page 12

A.   For a period of five  (5) years from the date of entry of this Order,

    (1)   The Individual Defendant shall notify the Commission of the following:

        (a)   Any changes in residence, mailing addresses, and telephone numbers of the Individual Defendant, within ten (10) days of the date of such change;

        (b)   Any changes in employment status (including self-employment) of the Individual Defendant, and any change in the ownership of the Individual Defendant in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the Individual Defendant's duties and responsibilities in connection with the business or employment; and

        (c)   Any changes in the Individual Defendant's name or use of any aliases or fictitious names; and

    (2)   The individual and corporate defendants each shall notify the Commission of any changes in corporate structure of the corporate defendant or any business entity that the Individual Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or

STIPULATED JUDGMENT AND ORDER
Page 13

affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the defendants learn less than thirty (30) days prior to the date such action is to take place, defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.   One hundred eighty (180) days after the date of entry of this Order, the individual and corporate defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

    (1)   For the Individual Defendant:

        a.   The then-current residence address, mailing addresses, and telephone numbers of the Individual Defendant;

        b.   The then-current employment and business addresses and telephone numbers of the Individual Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the Individual Defendant, for each such employer or business; and

        c.   Any other changes required to be reported under subparagraph. A of this Section.

    (2)   For all Defendants:

STIPULATED JUDGMENT AND ORDER
Page 14

a.    A copy of each acknowledgment of receipt of this Order, obtained

▼°▼■≡˜°✖ⁿ⊊°△⌐♀2  Ó.≡△╠♥°²◎◎ⁿ²◎?°√◎°?ᴸ♥≡²¶◎°■△𝑓≡△ⁿα≡♥■²

b.    Any other changes required to be reported under subparagraph A of

this Section.

C.    For the purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 601 New Jersey Avenue, N.W.
> Washington, D.C.  20580

Re:    United States v. Paul E. Porter and Universal Advertising, Inc.,
        Civ. No. 1:06cv152DAK

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by a

representative of Plaintiff, identify all written notifications to Plaintiff as provided in reference to

DJ# 102-3375, and mail them to:

> Director, Office of Consumer Litigation
> U.S. Department of Justice - Civil Division
> P.O. Box 386,
> Washington, D.C. 20044

E.    For purposes of the compliance reporting required by this Order, representatives

of Plaintiff and the Commission are authorized to communicate directly with Defendants.

## XI. MONITORING COMPLIANCE OF SALES PERSONNEL

IT IS FURTHER ORDERED that, in connection with any business that the Individual

Defendant directly or indirectly manages, controls or has a majority ownership interest in, that is

engaged in the sale or distribution of any Business Opportunity, Business Venture, Franchise, or

STIPULATED JUDGMENT AND ORDER
Page 15

income-generating product or service, or assisting others engaged in these activities, Defendants and their Representatives are hereby permanently restrained and enjoined from:

A.     Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Paragraphs I and II of this Order.  Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following:

1.     Listening to the oral representations made by persons engaged in sales or other customer service functions;

2.     Establishing a procedure for receiving and responding to consumer complaints; and

3.     Ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved;

B.     Failing promptly to investigate fully any consumer complaint received by any business to which this Paragraph applies; and

C.     Failing to take corrective action with respect to any sales person whom any Defendant or Representative determines is not complying with this Order, which may include training, disciplining, and/or terminating such sales person;

*Provided, however*, that this Paragraph does not authorize or require a Defendant to take any action that violates any federal, state, or local law.

STIPULATED JUDGMENT AND ORDER
Page 16

## XII. RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, in connection with any business that the Individual Defendant directly or indirectly manages, controls or has a majority ownership interest in, that is engaged in the sale or distribution of any Business Opportunity, Business Venture, Franchise, or income-generating product or service, or assisting others engaged in these activities, Defendants and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create, and thereafter to maintain for a period of three (3) years following the date of their creation, unless otherwise specified:

     A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

     B.     Personnel records accurately reflecting the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

     C.     Customer files containing the name, address, telephone number, dollar amounts paid, quantity of items or services purchased, and description of goods or services purchased, for all consumers to whom the business has sold, invoiced or shipped any Business Opportunity, Business Venture, Franchise, or income-generating product or service;

     D.     Records that reflect, for every written or oral consumer complaint or refund request received by any of the Defendants or their Representatives, whether directly or indirectly

STIPULATED JUDGMENT AND ORDER
Page 17

or through any third party: (1) the customer's name, address, telephone number; (2) the dollar amount paid by the consumer; (3) the written complaint or refund request, if any; (4) the basis of the complaint or refund request, including the name of any salesperson complained about; (5) the nature and result of any investigation conducted concerning the complaint or refund request; (6) each response and the date of the response to the complaint or refund request; (7) any final resolution of the complaint or refund request, and the date of the resolution; and (8) in the event of a denial of a refund request, the reason for the denial;

      E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials utilized, which shall be retained for three (3) years after the last date of their dissemination or use; and

      F     All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, and all reports submitted to the Commission pursuant to this Order.

## XIII.  COMPLIANCE MONITORING

      IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

      A.     Within ten (10) days of receipt of written notice from a representative of the Commission or Plaintiff, each Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

STIPULATED JUDGMENT AND ORDER
Page 18

B.      In addition, the Commission and Plaintiff are authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

      1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

      2.      posing as consumers and suppliers to:  one or more of the Defendants, a Defendant's employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice;.

C.      Each Defendant shall permit representatives of the Commission or Plaintiff to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

Provided that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XIV. FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

STIPULATED JUDGMENT AND ORDER
Page 19

## XV.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the

purposes of construction, modification, and enforcement of this Order.

## XVI.  COMPLETE SETTLEMENT

The parties, by their respective counsel, hereby consent to entry of the foregoing Order

which shall constitute a final judgment and order in this matter.  The parties further stipulate and

agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of

this action.

FOR THE PLAINTIFF:

PETER KEISLER
Assistant Attorney General
Civil Division
United States Department of Justice
Washington, D.C. 20044

EUGENE M. THIROLF
Director, Office of Consumer Litigation

MARY B. MURPHY
Office of Consumer Litigation
United States Department of Justice
P.O. Box 386
Washington, D.C. 20044

BRETT L. TOLMAN
United States Attorney
for the District of Utah

FOR THE DEFENDANT:

MICHAEL S. ROSENTHAL
5855 Sandy Springs Circle, Suite 300
Atlanta, GA 30328

DAVID M. COOK
716 East 4500, South, Suite N240
Murray, UT  84107
*Attorneys for the Defendants*

PAUL E. PORTER
Individually and as President of
Universal Advertising, Inc.

STIPULATED JUDGMENT AND ORDER
Page 20

JOHN K. MANGUM
Assistant United States Attorney
185 South State St., Suite 300
Salt Lake City, UT 84111
Phone: (801) 524-5682

SO ORDERED this _16th_ day of _November_, 2007.

_[signature]_

UNITED STATES DISTRICT JUDGE

STIPULATED JUDGMENT AND ORDER
Page 21